UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MICHELLE MOHAMED, on behalf of herself
and others similarly situated,

    Plaintiff,

    v.

COGINT, INC., f/k/a IDI, INC., a Delaware
Corporation, INTERACTIVE DATA, LLC,
a Georgia Limited Liability Company, RED VIOLET, INC.,
a Delaware Corporation, and XYZ ENTITIES 1-10,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, MICHELLE MOHAMED (hereinafter referred to as "Plaintiff" and "MOHAMED"), is an individual residing in Palm Beach County, Florida.

2. Defendants, COGINT, INC., f/k/a IDI, INC., a Delaware Corporation, INTERACTIVE DATA, LLC, a Georgia Limited Liability Company, RED VIOLET, INC., a Delaware Corporation, and XYZ ENTITIES 1-10, (collectively referred to as "Defendants" or "COGINT"), have at all times material to this Complaint owned and operated a business at multiple locations across the United States specializing in selling business-to-business background data to customers throughout the country, with corporate offices that have included locations in New York and Florida, including but not necessarily limited to the location at 2650 N. Military Trail, Suite 300, Boca Raton, Florida 33431 in Palm Beach County, Florida, at which Plaintiff was employed by Defendants as an "Account Executive," a/k/a Inside Sales Representative, and "Sales and Account Manager."

1

3. Defendants, XYZ ENTITIES 1-10, comprise or operate one or more divisions, subsidiaries, or affiliated companies of COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, and RED VIOLET, INC.  Defendants, XYZ ENTITIES 1-10, are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to Plaintiff and the other similarly situated "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers."  The true names and capacities of all of these XYZ ENTITIES 1-10 are unknown to Plaintiff at this time but Plaintiff will amend the Complaint and join these additional entities when they are fully discovered and can be fully named.

4. At all times material to this Complaint, Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, directly or indirectly, acted in the interest of an employer toward Plaintiff and the other "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers" similarly situated to her, including without limitation, Defendants directly or indirectly controlling their terms and compensation of employment.  Alternately, Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers" because each, respective division, subsidiary or affiliate of Defendants acted directly or indirectly in the interest of the other in relation to Plaintiff and the employees similarly situated to her.  As a second alternative, Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, and each of their divisions, subsidiaries or affiliates, and parent entities, however

constituted, were joint employers of Plaintiff and the "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers" similarly situated to her because Defendants commonly controlled the terms of compensation and employment of Plaintiff and the other employees and because Defendants are not completely disassociated with respect to their terms and compensation of employment with Defendants. As a final alternative, Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers" similarly situated to her at all material times to this Complaint, including without limitation directly or indirectly controlling their terms and compensation of employment with Defendants.

5.   Plaintiff brings this collective action on behalf of herself[1] and other current and former employees of Defendants similarly situated to her throughout the United States who have worked for Defendants between May 2015 and the present at any location as "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," however variously titled, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b). More specifically, this action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers" of Defendants similarly situated to her in Florida, New York, and all other locations throughout the United States. It is the intent of this collective action to apply to all similarly

---

[1] Attached hereto is a signed Consent to Join from Plaintiff MOHAMED.

3

situated "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," however variously titled, regardless of location.

6. In multiple work weeks during the three (3) year statute of limitations period between approximately March 2016 and March 2018, Plaintiff worked for Defendants first in the position titled as "Account Executive," a/k/a Inside Sales Representative, and later in the position titled as "Sales and Account Manager," at Defendants' office location at 2650 N. Military Trail, Suite 300, Boca Raton, Florida 33431, within the jurisdiction of this Court.

7. Plaintiff's primary job duties for during numerous work weeks between approximately March 2016 and March 2018 at Defendants' Boca Raton office, first in the title of "Account Executive," a/k/a Inside Sales Representative, and later titled as "Sales and Account Manager," consisted of the following non-exempt tasks: (a) outbound telemarketing to business customers to sell business-to-business background data; (b) researching new prospective customers to cold call; (c) carrying out ministerial clerical support tasks, sending and receiving e-mails, and related customer or internal computer-work and paperwork; and (d) in addition to continuing to perform her inside sales duties each week for Defendants, beginning in October 2017 and until March 2018, Plaintiff also performed non-exempt collection duties for Defendants (which compromised approximately 30% of her hours worked each week between approximately October 2017 and March 2018) by (i) preparing invoices; and (ii) making collections telephone calls to Defendants' customers for unpaid services provided by the sales team.

8. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

9. A substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Palm Beach Division.

10. At all times material to this Complaint, including but not necessarily limited to during the years 2015, 2016, 2017 and 2018, Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including but not necessarily limited to during the years 2015, 2016, 2017 and 2018, Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, have employed two (2) or more employees who, *inter alia*: (a) regularly sold business-to-business background data to customers in different States across the United States, which data constitutes goods in interstate commerce; (b) regularly handled and worked on office equipment—including but not limited to computers, photocopiers, scanners, printers, telephones—that were goods and/or materials moved in or produced for commerce; (c) regularly handled and worked with office supplies such as pens, pencils, paper, shipping material—including but not limited to UPS, FedEx, and United States Postal Service items—all of which constitute goods and/or materials moved in or produced for commerce; and (d) processed electronic, bank, and/or credit card transactions and transfers between, Florida, New York, and across other State lines throughout the United States.

11. Based upon information and belief, the annual gross sales volume of Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2015, 2016, 2017 and 2018.

12. At all times material to this Complaint, including but not necessarily limited to during the years 2015, 2016, 2017 and 2018, Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC, and XYZ ENTITIES 1-10, have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

13. The additional persons who may become Plaintiffs in this action are Defendants' current and former employees who have worked inside Defendants' office locations throughout the United States in any work weeks between May 2015 and the present in the positions known as "Account Executive," a/k/a Inside Sales Representative, and "Sales and Account Manager," however variously titled, without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

14. Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants in the title of "Account Executive," a/k/a Inside Sales Representative, and later titled as "Sales and Account Manager," during numerous work weeks within the three (3) year statute of limitations period between approximately March 2016 and March 2018.

15. More specifically, between approximately March 2016 and March 2018, Plaintiff regularly worked approximately five (5) days per week for Defendants with start times of approximately 9:00 a.m. and stop times as late as approximately 8:00 p.m., regularly working an average of Fifty-Five (55) hours per week.

16. However, between approximately March 2016 and March 2018, Defendants paid Plaintiff average gross weekly wages of approximately $937.50 per week, but Defendants failed to compensate Plaintiff at a rate of time and one-half of her applicable regular rate(s) for all of the hours she worked in excess of Forty (40) hours per week for Defendants.

6

17. Likewise, the other employees of Defendants in Florida and other locations throughout the United States who are similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants as "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," however, variously titled, within the three (3) year statute of limitations period between May 2015 and the present.

18. However, Defendants have failed to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and the other similarly situated "Account Executives," a/k/a Inside Sales Representatives," and "Sales and Account Managers," however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period, instead paying only base wages, plus the potential for small (i.e., minor) commissions, without paying time and one-half of wages for all of their actual overtime hours worked in numerous work weeks throughout the three (3) year statute of limitations period between May 2015 and the present,.

19. Based upon information and belief, Defendants have failed to maintain records of the all of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated "Account Executives," a/k/a Inside Sales Representatives, and/or Sales and Account Managers, however variously titled, for Defendants for each and every work week during the statute of limitations period between May 2015 and the present.

20. Based upon information and belief, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff and the other similarly situated "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," however

variously titled, for the benefit of Defendants between May 2015 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the other similarly situated employees, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to her without paying the overtime compensation required by the FLSA.

21. The complete records reflecting the base wages, any bonuses and commissions, and all compensation actually paid to Plaintiff and the other similarly situated Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers" between May 2015 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff, MICHELLE MOHAMED, readopts and realleges the allegations contained in Paragraphs 1 through 21 above.

23. Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay for each and every hour she worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately March 2016 and March 2018.

24. All similarly situated employees who have worked for Defendants in Florida and other locations throughout the United States between May 2015 and the present as "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they have worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between May 2015 and the present.

25. Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between May 2015 and the present.

26. At all times material to this Complaint, Defendants had constructive and/or actual notice that Defendants' compensation practices did not provide Plaintiff and the other "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," however variously titled, with time and one-half wages for all of their actual overtime hours worked between May 2015 and the present based upon, *inter alia*: (a) Defendants' policy and/or practice of paying only base wages, plus minor (i.e., small) commissions, for Forty (40) hours of work week to without time and one-half wages for all hours worked in excess of Forty (40) hours per week; (b) Defendants requiring Plaintiff and the other similarly situated employees to work more than Forty (40) hours per week to try to meet Defendants' sales and business goals but Defendants accepting the benefits of the uncompensated overtime work performed by Plaintiff and the similarly situated employees; and (c) Defendants failing to maintain the time records required by the FLSA, 29 C.F.R. §§516.2, 516.6, of the all of the actual start times, actual stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated employees between May 2015 and the present.

27. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," similarly situated to her who have worked for Defendants between May 2015 and the present) have suffered damages plus incurring costs and reasonable attorneys' fees.

28.     Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Account Executives," a/k/a Inside Sales Representatives, and "Sales and Account Managers," in one or more weeks during the three (3) year statute of limitations period between May 2015 and the present, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

29.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

30.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MICHELLE MOHAMED, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC., and XYZ ENTITIES 1-10, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  May 24, 2018                                  Respectfully submitted,

                                         By:    **s/KEITH M. STERN**
                                                Keith M. Stern, Esquire
                                                Florida Bar No. 321000
                                                E-mail:  employlaw@keithstern.com
                                                Hazel Solis Rojas, Esquire
                                                Florida Bar No. 91663
                                                E-mail:  hsolis@workingforyou.com

LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

11

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), **Cogint, Inc., f/k/a IDI Inc., and Interactive Data LLC**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.  I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Printed Name: **Michelle Mohamed**

*Michelle J. Mohamed*
Michelle J. Mohamed