UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

CASE NO. 9 :18-cv-80686-DMM

MICHELLE MOHAMED, on behalf of
herself and others similarly situated,

        Plaintiff,

v.

COGINT, INC., f/k/a IDI, INC., a Delaware
Corporation, INTERACTIVE DATA, LLC,
a Georgia Limited Liability Company, RED
VIOLET, INC., a Delaware Corporation, and
XYZ ENTITIES 1-10,

        Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, COGINT, INC., f/k/a IDI, INC., INTERACTIVE DATA, LLC, RED VIOLET, INC., and XYZ ENTITIES 1-10 ("Defendants"), through their undersigned counsel, hereby files their Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial.[1]

## ANSWER

In response to the numbered paragraphs of the Complaint, Defendants state:

1. Defendants are without knowledge of Plaintiff's residence.

2. Denied.

3. Denied.

4. Denied.

---

[1] Defendants have filed concurrently herewith a Motion to Dismiss Fictional Defendants, XYZ ENTITIES 1-10.

CASE NO. 9:18-cv-80686-DMM

5. Paragraph 5 characterizes this action and no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations.

6. Denied.

7. Defendants admit that Plaintiff performed certain non-exempt tasks as an Account Executive. Otherwise denied.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Paragraph 5 characterizes this action and no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations and assert that a collective action is inappropriate.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendants admit that they maintain records regarding Plaintiff's compensation and other employees between May 2015 and the present, but deny that Plaintiff is similarly situated to other employees.

## RESPONSE TO COUNT I

## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

22. Defendants incorporate their responses to paragraphs 1 through 21 as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendants are without knowledge of Plaintiff's retention of counsel but deny that she is entitled to recover her counsel's fees and costs.

30. Defendants deny there is any factual issue to be tried to a jury.

31. Defendants deny all allegations contained in the Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting liability or the burden of proof as to Plaintiff's allegations, Defendants state their affirmative defenses as follows:

1. Plaintiff and the alleged similarly situated employees were never employed by Defendants Cogint, Inc. or Red Violet, Inc.

2. Plaintiff's position was exempt from overtime under the administrative exemption.

3. Defendants are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding,

or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254.

4. All or part of the time which Plaintiff seeks compensation does not constitute compensable working time, including all meal periods in accordance with 29 C.F.R. § 785.19.

5. Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

6. Any periods of overtime that Defendants did not have actual or constructive knowledge of are not compensable.

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations. 29 U.S.C. § 255.

8. Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

Respectfully submitted,

*/s/ Richard D. Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938
*Attorneys for Defendants*

CASE NO. 9:18-cv-80686-DMM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**/s/ Richard D. Tuschman**
Richard D. Tuschman, Esq.

## SERVICE LIST

Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
**LAW OFFICE OF KEITH M. STERN, P.A.**
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
*Attorneys for Plaintiff*