UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80686-Civ-Brannon

MICHELLE MOHAMED, on behalf of
herself and others similarly situated,

    Plaintiff,

    v.

COGINT, INC., f/k/a IDI, Inc.,
INTERACTIVE DATA, LLC,
and RED VIOLET, INC.,

    Defendants.
_____/

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before the Court upon a Joint Motion for Approval of the Parties' Confidential Settlement Agreement and Dismissal With Prejudice Based on *In Camera* Inspection [DE 86]. The Court held a fairness hearing held on March 1, 2019. As discussed at the hearing, the Court has reviewed the terms of the parties' final settlement agreement and is otherwise fully advised.

On May 24, 2018, Plaintiff Michelle Mohamed initiated this case on behalf of herself and other similarly-situated colleagues by filing a Complaint alleging that Defendants failed to pay overtime wages as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 [DE 1]. Defendants responded with an Answer denying Plaintiff's claims and asserting eight affirmative defenses [DE 8].

On August 28, 2018, the Court conditionally certified this case as a collective action under the FLSA [DE 39]. After the parties reached an impasse at mediation [DE 46], final class notices and consent forms were mailed out to 114 putative class members [DE 55]. Fifteen additional individuals

1

responded to the notices and timely opted-into this lawsuit by filing Notices of Consent to Join [DE 10-12, DE 32, DE 58-61, DE 63-65, DE 73-76].

After the opt-in period ended, on February 12, 2019, the parties fully resolved this case at a settlement conference before U.S. Magistrate Judge William Matthewman [DE 83]. The parties thereafter memorialized the terms of their settlement in a final written agreement that has been executed by all parties and submitted to the Court for review. In their joint motion, the parties' represent that they negotiated an amicable resolution of this matter to avoid the uncertainties of litigation and continued attorneys' fees and costs.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). The Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement was entered into in an adversarial context with all parties represented by experienced counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

Following an independent review of the record and after a thorough review of the represented parties' fully-executed settlement agreement, the Court finds that the settlement represents a fair and reasonable resolution of the parties' bona fide disputes in this contested FLSA suit. Among other things, the agreement includes (1) a detailed breakdown of payments to be made to the lead Plaintiff, each of the fifteen opt-in Plaintiffs, and Plaintiffs' counsel; (2) mutual releases; and (3) confidentiality provisions. As the parties' acknowledge, the settlement agreement is the result of a lengthy, intensive,

arms-length negotiation and it represents a reasonable compromise that avoids the costs and uncertainty of further litigation.

Based on the foregoing, the Court **ORDERS** that the Joint Motion for Approval of the Parties' Confidential Settlement Agreement and Dismissal With Prejudice Based on *In Camera* Inspection [DE 86] is **GRANTED**. The parties' settlement agreement is **APPROVED**. The Court retains jurisdiction to enforce the settlement agreement's terms, if necessary. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE THIS CASE**.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of March, 2019.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE